UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TWESTLY EMSWELLER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 4:16CV01532 AGF |
| | ) | |
| BI-STATE DEVELOPMENT AGENCY, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This wrongful termination action was brought in Missouri state court under the

Missouri Human Rights Act, Mo. Rev. Stat. § 213.010, *et seq*. Upon review of the

record, the Court concludes that the case was improperly removed to this Court by

Defendant Bi-State Development Agency, Inc. ("Bi-State"). For the reasons set forth

below, the Court will sua sponte remand the case to state court.

Plaintiff claims that he was unlawfully terminated by Bi-State in retaliation for

opposing conduct that violated the MHRA. Bi-State removed the case to this Court,

asserting federal question jurisdiction under 28 U.S.C. § 1331. Bi-State contended that

Plaintiff's claim requires interpretation of the interstate compact that created Bi-State, as

approved by Congress pursuant to the Compact Clause, in order to determine the

applicability of the MHRA to Bi-State.   This determination is, according to Bi-State, a question of federal law.[1]

Federal question jurisdiction applies to "all civil actions arising under the Constitution, laws, or treatises of the United States."  28 U.S.C. § 1331.  If at any point before final judgment it appears that a federal district court lacks subject matter jurisdiction, the court may, acting sua sponte, remand the action to state court.  *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 623 (8th Cir. 1997); *State Farm Mut. Auto. Ins. Co. v. Sentry Select Ins. Co*., No. 4:15 CV 149 CDP, 2015 WL 500519, at *1 (E.D. Mo. Feb. 5, 2015).  "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand."  *Collier v. Bi-State Dev. Agency of Mo.-Ill. Metro. Dist*., No. 4:14-CV-1263-JCH, 2014 WL 5343357, at *1 (E.D. Mo. Oct. 20, 2014) (citation omitted).

Here, the Court does not believe that state court petition, which is based entirely on state law, was properly removed.  The fact that consideration of the Bi-State compact may be required to determine whether the MHRA applies to Bi-State does not provide a basis for federal question jurisdiction over Plaintiff's claim.  *See Brust v. ACF Indus., LLC*, No. CIV.A. 11-4839, 2011 WL 6756921, at *5-6 (D.N.J. Dec. 21, 2011) ("[T]he fact that the construction of the [inter-state] compact is governed by federal law and may preclude liability for the [common-law premises liability] claims alleged does not convert

---

[1]   After removal, Bi-State filed a motion to dismiss for failure to state a claim, arguing that the MHRA does not apply to Bi-State.  Plaintiff failed to respond to the motion to dismiss.

the common law claim into a federal question."); *Collier*, 2014 WL 5343357, at \*1 (holding that fact that interpretation of the Bi-State compact involved in the present case was necessary to resolve a choice of law question did not serve as a basis for federal question jurisdiction over a claim against Bi-State for breach of a pension plan); *see also Amalgamated Transit Union Div. 788 v. Bi-State Dev. Agency of Mo.-Ill.Metro. Dist.*, No. 4:15-CV-00455-AGF, 2015 WL 3645513, at \*3 (E.D. Mo. June 10, 2015) (remanding claims by a labor union against Bi-State for breach of contract and specific performance relating to a collective bargaining agreement between the parties).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the state court in which it was filed.

AUDREY G. FLEISSIG
UNITED STATES DISTRCIT JUDGE

Dated this 27th day of October, 2016